DECISION FINDINGS OF FACT
Defendant husband is the owner of Lots 17-1, 18, and 19 on Assessors Plat 19; Plaintiff husband is the owner of Lots 20 and 21 of the same Plat in New Shoreham, Rhode Island (Block Island). Plaintiff and Defendant acquired their lots from a common Grantor, Joseph Wadsworth, the Defendant, Frank Wadsworth's uncle. The Plaintiff husband acquired his two lots in 1971and 1972 by separate deeds. The Defendant acquired his property in 1986. Reference hereafter will be to the parties as though husband and wife are the recorded owners.
Plaintiffs have constructed a home on Lot 20. Lot 21 is vacant and is subject to a conservation easement "so-called" to the Nature Conservancy. Both lots front directly on Cormorant Cove, an inlet of Great Salt Pond. Lot 21 contains a sandy beach; Lot 20 has little or no beach directly accessible to it. Rather, the coastal feature of Lot 20 is dominated by a large rip-rap retaining wall. The inland side of both lots have no frontage upon any street, lane or road. The lots are serviced by the "Road to Cormorant Point" (the Road). The Road is a gravel road of varying widths, but not more than 12 feet wide (not wide enough to allow two way travel) running from the Coast Guard Road along 5 or 6 other parcels to its terminus on the Defendants' property at Cormorant Point. The section of the Road in front of Plaintiffs' lots as well as two other lots is owned by the Defendants and it is a part of Lot 19. In addition, Defendants own 10 feet, more or less, of land between the Road and the lots owned by Plaintiffs and others.
The Defendants own two homes at Cormorant Point, a peninsula forming the eastern bank of the mouth of Cormorant Cove, as well as a garage that is located almost directly across the Road from Plaintiffs' house. (See
Exhibit 3.) The garage is not within sight of the Defendants' residences. A main portion of Defendants' land, Lot 19, along with Plaintiffs' Lot 21, is subject to an easement to the Nature Conservancy. The easement was given by the parties common Grantor. The easement does not, by its terms prohibit either of the parties from accessing their properties, rather it limits the uses which may be made by them.
The two deeds conveying to Plaintiffs their property do not specifically grant a right to travel across the 10 feet of land separating the Road from Plaintiffs' property. They do, however, grant to Plaintiffs the "right and right of way, insofar as the Grantor may legally convey the same, to pass and re-pass with others over the aforementioned dirt road to the Coast Guard Road." The owners of properties upland of both Plaintiffs and Defendants have deeded rights to pass over the same road to reach a sandy beach at Cormorant Point. The beach is located partly on Lots 19 and 20. The use of the word "Road" in the deeds, as well as the fact that upland owners have the right to pass and re-pass over it, leads the Court to the conclusion that the Road is indeed a "private road" rather than Defendants' private driveway as he had testified. Coast Guard Road is the only access to and from the Road.
The Defendants have intentionally attempted to prevent the Plaintiffs from gaining access to their property (Lot 21) by, at various times, erecting gates and fences across the Road. The Defendants have also placed large boulders intended to prevent the Plaintiffs from accessing the lot by motor vehicle. The Defendants have also intentionally attempted to prevent the Plaintiffs crossing over the ten feet of land owned by Defendants between Plaintiffs' property and the Road by erecting fences, fence posts and the placement of boulders.
Defendants have also attempted, on at least two occasions, to prevent Plaintiffs egress from their property, via foot, over the 10 foot strip of land, by way of physical force, pushing Plaintiff, Renate Elwell, and challenging Plaintiff, Alan Elwell, to fisticuffs.
Defendants and Plaintiffs, over a period of years, have interfered with the others peaceful enjoyment of their property by passing thereon. The Defendants went into the parked automobiles of the Plaintiffs and their guests and removed the keys there from, harassed the Plaintiffs by appearing on the Road directly across from their home and photographed the Plaintiffs, their guests and their property. The Defendants have placed physical barriers to prevent access to the Road, as well as to Lot 20. The Defendant has also passed upon the Plaintiffs' property by gaining access to their home by way of deception in order to flush a dye material down the Plaintiffs' toilet. Defendant has also passed upon the Plaintiffs' property by appearing on their rear deck in the very early morning hours and peering into their windows. The Plaintiffs have gone to the end of the Road on Defendant's property in order to turn around and return to their property. This made more sense than backing up on the Road.
 CONCLUSION
Defendants have attempted to deny Plaintiffs access to and egress from their property, by physical force and by erecting barricades, have entered upon Plaintiffs' property and into their house, have entered into their and their guests' automobiles, and have harassed the Plaintiffs. The Defendants shall be restrained from coming upon the Plaintiffs' real property, from entering into or attempting to possess Plaintiffs' personal property, from attempting through any means to prevent Plaintiffs from gaining access to or egress from any part of their property, from attempting by any means to prevent the Plaintiffs from traveling along any portion of the Road (on foot or by vehicle) in front the Plaintiffs' property.
The idea that in this day and age, that a long narrow road, which services several homes, should remain at 10 feet wide, or so, makes absolutely no sense. See Exhibit 7 which serves as a forewarning to the parties herein, that in the event of an emergency, the Road is inadequate.
The Court finds that Plaintiffs enjoy an easement by necessity over and upon the 10 feet of land, owned by the Defendants, between the Road and the Plaintiffs' property. Such easement allows the Plaintiffs to pass over such 10 feet of land to the extent as is reasonably necessary to gain access to and egress from their property. In reaching this decision, the Court has considered that both deeds given by the common Grantor to the Plaintiffs for the two lots contain the same language, granting rights in the Road, which are meaningless if the Plaintiffs cannot cross the 10 feet of land of the Grantor to reach the Road. Also, the Court has considered that in granting the conservation easement, the same Grantor reserved rights of the Plaintiffs to make use of the land and to pass and re-pass on the Road. The establishment of the easement is, therefore, consistent with the acts of the common Grantor of both Plaintiffs' and Defendants' property.
The many exhibits and letters clearly indicate to the Court, that there are more people who have an interest to pass on the Road, to gain access to the beach area and to otherwise enjoy the pristine nature of the area.
Joseph Wadsworth, in the conveyances to the parties, made references to the rights of others to pass on the Road. Neither party can act to prevent access to and over the Road or to interfere with the others' rights or for that matter any other person's rights.
All parties are enjoined and restrained from interfering with the others' right to use the Road specifically the Plaintiffs are not to park their automobiles or other vehicles so as to 4 obstruct the Defendants egress and ingress. Defendants are to act sensibly by not deciding to leave their home when Plaintiffs are utilizing the Road for immediate access to Lot 21, but the Plaintiffs are not permitted to leave their vehicles unattended for more than 10 minutes. Nor are Defendants to place any obstacles to the use of the Road or to prevent access to Plaintiffs' property. . Unless the parties reach an accommodation, such as widening the roadway for perhaps 20 feet in length at some point to permit the Plaintiffs to park and turn around, the Plaintiffs can continue down the Road to the nearest point to turn around.
Other than as indicated above, neither party may enter upon the others property without asking for and receiving permission for a specific purpose requested. The request and permission to be in writing.
The Court is unable to understand why adults cannot reach an accommodation when each has specific rights with which the other party cannot interfere.
The Court makes no finding or decision as to malice and/or punitive damages requested, but would hope that reasonable adults can reach a reasonable accommodation.
The Plaintiffs are to present a judgment consistent with this decision.